UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Michael D. Cloutier

    v.                              Civil No. 05-cv-163-JD

Jo Anne B. Barnhart, Commissioner,
Social Security Administration


O R D E R

    Michael D. Cloutier filed a complaint seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the Commissioner's decision denying his application for Supplemental Security Income.  The Commissioner moves to dismiss the complaint on the ground that it was not timely filed.  Cloutier, who is represented by counsel, has not filed a response to the Commissioner's motion.

    Section 405(g) provides that an individual may obtain judicial review of a final decision of the Commissioner "by a civil action commenced within sixty days after the mailing to him of notice of such decision or within further time as the Commissioner of Social Security may allow."  The applicable Social Security regulation states that an applicant "may file an action in a Federal district court within 60 days after the date you receive notice of the Appeals Council's action."  20 C.F.R. § 416.1481.  The sixty-day limitations period in § 405(g) must be

strictly construed as a condition on the waiver of sovereign immunity.  Bowen v. City of New York, 476 U.S. 467, 479 (1986).

Cloutier states in his complaint that he received the Appeals Council's denial of his request for review on March 14, 2005.  He filed the complaint here on May 16, 2005.  The sixty-day limit expired, however, on May 13, 2005.  Although the statute provides for an extension of time, nothing in the record suggests that Cloutier requested and was granted such an extension.  Further, because Cloutier failed to respond to the Commissioner's motion, he has not raised a claim for equitable tolling.  Cf. Pace v. DiGuglielmo, 125 S. Ct. 1807, 1814 (U.S. 2005) ("Generally, a litigant seeking equitable tolling bears the burden of establishing two elements:  (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.")

Therefore, the case is dismissed as barred by the statute of limitations, § 405(g).

<u>Conclusion</u>

For the foregoing reasons, the defendant's motion to dismiss (document no. 3) is granted.  The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

October 12, 2005

cc: David L. Broderick, Esquire
    Maureen Raiche Manning, Esquire